UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VALLORIE B.,[1] *Plaintiff*, | ) )  3:24-cv-00033 (SVN) ) |
| v. | ) ) |
| COMMISSIONER OF SOCIAL SECURITY, *Defendant*. | ) ) ) ) March 20, 2025 ) |

**RULING ON PLAINTIFF'S MOTION TO REVERSE OR REMAND AND DEFENDANT'S MOTION TO AFFIRM DECISION OF COMMISSIONER**

Sarala V. Nagala, United States District Judge.

Plaintiff Vallorie B. filed an application for disability benefits under Title XVI of the Social Security Act and disability insurance benefits under Title II of the Social Security Act, alleging a disability beginning August 10, 2020. Plaintiff appeals the decision of an Administrative Law Judge ("ALJ") finding that she has not been under a disability during the relevant period. Specifically, Plaintiff argues that the ALJ erred by substituting her own opinion for that of medical experts and by not making a more restrictive Residual Functional Capacity ("RFC") finding. The Commissioner moves for affirmance of the ALJ's decision. For the following reasons, Plaintiff's motion to reverse, or in the alternative, remand, is DENIED, and the Commissioner's motion to affirm the decision of the Commissioner is GRANTED.

**I.     BACKGROUND**

The Court will assume the parties' familiarity with Plaintiff's medical history, as summarized in her statement of facts, ECF No. 17-1, which the Commissioner adopts and

---

[1] In opinions issued in cases filed pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in order to protect the privacy interest of social security litigants while maintaining public access to judicial records, this Court will identify and reference any non-government party solely by first name and last initial. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

supplements, ECF No. 21-1, and which the Court adopts and incorporates by reference. The Court will also assume familiarity with the five sequential steps used in the analysis of disability claims, the ALJ's opinion, and the record. The Court will only cite portions of the record and the legal standards necessary to explain its decision.

## II. STANDARD OF REVIEW

It is well-settled that a district court will reverse the decision of the Commissioner as to whether a claimant is disabled only when it is based upon legal error or when it is not supported by substantial evidence in the record. *See, e.g.*, *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015) (*per curiam*); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).

"In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (*per curiam*) (internal quotation marks and citation omitted). Under this standard of review, "absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently." *Campbell v. Astrue*, 596 F. Supp. 2d 446, 448 (D. Conn. 2009). The court must therefore "defer to the Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), and reject the Commissioner's findings of fact only "if a reasonable factfinder would *have to conclude otherwise*," *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d

Cir. 2012) (emphasis in original).  Stated simply, "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian*, 708 F.3d at 417.

**III.   DISCUSSION**

Plaintiff raises two issues in her motion.  First, she argues that the ALJ improperly substituted her own lay opinion for that of the medical experts.  Second, she argues that the ALJ should have made a more restrictive RFC finding, and that the ALJ's RFC determination is not supported by substantial evidence in the record.  For the reasons below, the Court disagrees with Plaintiff on both points.

A.   Analysis of Medical Opinions

The Court first rejects Plaintiff's challenge that the ALJ did not give sufficient weight to the medical opinions of Doctors Hill, Rogers, and Hillbrand when determining Plaintiff's RFC. Drs. Hill and Rogers were State Agency consultants, and Dr. Hillbrand conducted one examination of Plaintiff.  Plaintiff contends that these experts opined that Plaintiff was occasionally distractable, and that the ALJ did not give sufficient weight to these opinions; instead, she improperly substituted her own lay opinion of Plaintiff's functionality capacity for the experts' views.

If an ALJ has found that an impairment is not *per se* disabling in step three, she must proceed to determining the claimant's "residual functional capacity." 20 C.F.R. §§ 404.1505(a); 416.920(a)(4)(iv).  The RFC is "the most [the claimant] can still do despite [their] limitations." *Id.* §§ 404.1545(a), 416.945(a).  That RFC is then compared to the claimant's past work and to other work the claimant may be able to perform. *Id.* §§ 404.1505(a); 416.920(a)(4)(iv) & (v).

 An RFC finding is "administrative in nature, not medical, and its determination is within the province of the ALJ." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (summary order); *see also* 20 C.F.R. § 404.1527(d)(2).  In making this determination, the ALJ

3

must consider all relevant medical and other evidence. *See Curry*, 855 F. App'x at 48 n.3; 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Moreover, it is within the ALJ's discretion to resolve genuine conflicts in the evidence. *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the [Commissioner], and not this court, to weigh the conflicting evidence in the record."); *Henderson v. O'Malley*, No. 23-712-cv, 2024 WL 1270768, at *2 (2d Cir. 2024) (summary order). As a result, "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).

An ALJ need not defer or give any special weight to any particular medical opinion. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ is charged with evaluating a number of factors in determining the weight to give an opinion, the most important of which are the opinion's consistency and the opinion's supportability. *Id.* §§ 404.1520c(b), 416.920c(b). In terms of supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). As for consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

Here, the ALJ, in determining Plaintiff's RFC, found that Plaintiff could perform a full range of work with certain limitations, including that she perform only "simple work tasks with limited social interactions," and that there be "no collaborative or teamwork, but the claimant can work on tasks alone." *See* Tr. at 19–20. In reaching this conclusion, the ALJ found opinions by

State Agency psychiatrist Dr. Hill and psychologist Dr. Rogers (the "State Agency consultants") somewhat persuasive and found the opinion of Dr. Hillbrand less persuasive. Plaintiff essentially argues that the ALJ erred in not finding these opinions fully persuasive, despite that they were rendered by medical professionals and all opined that Plaintiff experienced occasional distractibility. ECF No. 17-1 at 15. The Court finds the ALJ properly considered these opinions under the relevant regulations.

*1. Opinions of Dr. Hill and Dr. Rogers*

First, the ALJ did not err in finding the assessments of the State Agency consultants somewhat persuasive.

On initial review, Dr. Hill opined that Plaintiff was moderately limited in working in coordination with others or in proximity to others without being distracted by them, and in the ability to get along with peers without distracting them. Tr. at 63. He noted, however, that although Plaintiff "can act impulsively and distract others from time to time," when she was compliant with her medication, she "can function and relate w[ith] workstaff." *Id.* At the reconsideration level, Dr. Rogers noted that Plaintiff's mood "and intrusive thoughts sometimes distract her," but she "remains able to perform simple work for periods of two hours or more over the course of a normal work week, meeting minimum production requirements." *Id.* at 92.

The ALJ's conclusion that these opinions were supported by and consistent with the medical evidence in the record was not erroneous. With respect to the consistency factor, the ALJ noted that treatment notes throughout the record comported with the mild to moderate restriction findings made by the State Agency assessments. *Id.* at 22. The ALJ explained that Dr. Rogers's reconsideration opinion finding moderate limitations in the area of understanding, remembering, and applying information was slightly less persuasive because it was not consistent with evidence

in the record that Plaintiff manages her own treatment plans and has intact mental status examinations when she sought treatment for routine physical conditions. *Id.* Thus, while Plaintiff argues that the ALJ impermissibly supplanted her lay opinion for those of trained medical professionals, the Court concludes that the ALJ properly evaluated the consistency and supportability of the State Agency assessments in light of other evidence in the record.

To the extent Plaintiff claims that the ALJ effectively ignored the portions of the State Agency assessments that suggested she would occasionally be distracted from work, her argument misses the mark, as the portions of the record Plaintiff identifies are, in fact, factored in to the RFC analysis. Dr. Hill's assessment that Plaintiff can act impulsively and distract others from time to time is consistent with the RFC's limitation that Plaintiff work alone, without collaboration or teamwork. Similarly, Dr. Rogers's assessment that Plaintiff is moderately limited in performing certain sustained concentration tasks is consistent with the RFC's limitation that Plaintiff can perform tasks that are simple and routine with no collaboration or teamwork, and is further consistent with Dr. Rogers's own assessment on the same page that Plaintiff "remains able to perform simple work for periods of two hours or more over the course of a normal work week, meeting minimum production requirements." *Id.* at 83. In the same vein, Plaintiff's argument that the ALJ erred by not finding that Plaintiff required an off-task restriction in the RFC on the basis that Plaintiff would be distracted or distracting others, ECF No. 17-1 at 18, fails to adequately address how the simple and solitary nature of the work contemplated by the RFC does not already address these concerns. Far from substituting her own opinion for that of the State Agency consultants, the ALJ in fact incorporated the State Agency consultants' views into her formulation of the RFC.

Therefore, the Court finds no error in the ALJ's treatment of the State Agency assessments.

*2. Opinion of Dr. Hillbrand*

Next, the ALJ did not err in her weighing of Dr. Hillbrand's assessment, which she found less persuasive than those of the State Agency consultants. First, the ALJ properly analyzed the supportability of Dr. Hillbrand's assessment. Dr. Hillbrand concluded that Plaintiff had moderate to marked impairment to her capacities to perform various work functions, including making judgments on simple work-related decisions, and understanding and remembering complex instructions. Tr. at 1775. The ALJ contrasted this conclusion with Dr. Hillbrand's own examination findings. Specifically, the ALJ noted the results of a cognitive test administered by Dr. Hillbrand that showed deficits with memory, but largely average range of scores on other cognitive categories, such as orientation, attention, naming, calculations, and judgment. The ALJ also found Dr. Hillbrand's assessment less persuasive because it was based on a one-time examination and based on Plaintiff's subjective reports, as opposed to objective medical evidence. The ALJ's evaluation of "the objective medical evidence and supporting explanations" presented by Dr. Hillbrand, then, was reasonable and was performed as required by regulation. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). [2]

The ALJ also analyzed the consistency of Dr. Hillbrand's assessments with other medical evidence in the record. The ALJ found that the limitations recognized by Dr. Hillbrand were inconsistent with treatment notes and other reports, specifically those that showed intact mental status with intact orientation and appropriate mood and affect when she is compliant with treatment, and the fact that Plaintiff manages her own treatment plans and medications. This comparison of Dr. Hillbrand's findings with other portions of the record, therefore, satisfied the

---

[2] To the extent Plaintiff challenges the ALJ's assessment of Dr. Hillbrand's opinion as failing to comply with 20 C.F.R. § 404.1520c(c)(3), *see* ECF No. 17-1 at 15, the Court notes that such a challenge fails in light of the ALJ's explicit consideration of Dr. Hillbrand's relationship with Plaintiff, including the length (or lack thereof) of the treatment relationship. *See* Tr. at 22.

7

ALJ's obligations. *See id.* §§ 404.1520c(c)(2), 416.920c(c)(2). And perhaps more fundamentally, Plaintiff again fails to articulate why the limitations contemplated by the RFC do not account for the difficulties with concentration and memory that Dr. Hillbrand noted, much along the lines discussed above. In this way, the ALJ did not substitute her opinion for that of Dr. Hillbrand.

### B.  The ALJ's Opinion is Otherwise Supported by Substantial Evidence

The Court also finds that the ALJ's broader RFC analysis and ultimate finding that Plaintiff can perform work with certain restrictions is supported by substantial evidence.

The record demonstrates that when Plaintiff complied with her medication treatment plan, her findings were mostly normal or mildly abnormal, but when she did not comply with her medication treatment plan, her findings were more significant. For instance, prior to the relevant period, in 2008, at a time when Plaintiff had been off her medication for years, she was hospitalized for paranoia and grandiose delusions. Tr. at 1781–82. 1787, 1809. Similarly, at the beginning of the relevant period in August 2020, at a time when Plaintiff had been off her medications for several months and smoking marijuana, she experienced an exacerbation in symptoms that required hospitalization. *Id.* at 900, 1485. Plaintiff improved with treatment and was discharged later that month. *Id.* at 1652.

As the ALJ thoroughly details, when Plaintiff was in treatment or otherwise complying with her medication treatment plan, her mental status findings were markedly more benign, often noting appropriate mood and affect following the restarting of medications, normal behavior, mild paranoia and baseline symptoms with no recommendation for a higher level of care, and notation that she appeared stable on her current regimen. *See id.* at 20–22 (citing Tr. exhibits 8F, 11F, 13F, 15F, 16F, 17F, 20F, 22F). The treatment notes still indicate some paranoia on occasion, but such

paranoia was mild, able to be mitigated, not overly bothersome, and often occurred in crowds. *See, e.g.,* Tr. at 1970, 1972, 1973, 1977.

The ALJ also properly considered Plaintiff's non-compliance with her medication treatment plan, contrary to Plaintiff's arguments. Plaintiff argues that the ALJ erred in considering Plaintiff's previous decisions to not take her prescribed medication because Plaintiff's bipolar disorder is the *cause* of such decisions. But an ALJ may factor in such non-compliance. SSR 16-3P, 2017 WL 5180304 (Oct. 25, 2017) ("[I]f the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record."); *Jeffrey R. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00709 (EAW), 2023 WL 2581539, at *5 (W.D.N.Y. Mar. 21, 2023) (concluding that an ALJ properly considered that Plaintiff's relapses in mental health functioning "primarily occurred when he was not compliant with medications"); *see also Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) ("[A] remediable impairment is not disabling."). The ALJ considered whether Plaintiff's medical impairment precluded her from complying with her medication, and noted portions throughout the record that indicated that Plaintiff demonstrated normal judgment and insight, and that there was no compelling evidence that she did not understand her treatment plans. Tr. at 21. Indeed, Plaintiff had acknowledged the importance of taking her medication and had even expressed regret about previous failures to comply with her treatment plan. *See id.* at 1294, 1521. More generally, the record also reflected that Plaintiff functions independently and managed tasks such as paying and managing her bills. *Id.* at 278.

While Plaintiff disagrees with the ALJ's weighing of the medical evidence in the record, the Court simply cannot conclude that the ALJ's finding was not supported by substantial evidence. The ALJ's finding of an RFC contemplating a full range of work, with certain

limitations, finds ample support in the record, particularly in the notes reflecting Plaintiff's capabilities when she was complying with her medical treatment plan. Indeed, the Court's conclusion on this issue is in line with its prerogative to "defer to the Commissioner's resolution of conflicting evidence." *Cage*, 692 F.3d at 122.

### IV.     CONCLUSION

For the reasons described herein, Plaintiff's motion to reverse or remand is DENIED and Defendant's motion to affirm the Commissioner's decision is GRANTED.

The Clerk of Court is directed to enter judgment for Defendant and close the case.

**SO ORDERED** at Hartford, Connecticut, this 20th day of March, 2025.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE